# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| NICOLE L. BOETTGER,<br><br>    Plaintiff,<br><br>v.<br><br>PASKIN & OBERWETTER LAW OFFICES, LTD.,<br><br>    Defendant. | Case No. 2:22-cv-00281 |

## COMPLAINT

**NOW COMES** NICOLE L. BOETTGER ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Defendant, PASKIN & OBERWETTER LAW OFFICES, LTD., ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq. and violations of the Wisconsin Consumer Act ("WCA") pursuant to Wis. State. §427.103 et seq.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of Wisconsin.

5. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Defendant's principal place of business located at 404 Glenway Street, Madison, Wisconsin 53701-0151.

## FACTS SUPPORTING CAUSE OF ACTION

7. Prior to this action giving rise, Plaintiff obtained a gym membership with Princeton Club- New berlin ("subject account" or "Princeton Club").

8. At all times relevant, Plaintiff was sole operator, possessor, subscriber, and financially responsible for her account with Princeton Club.

9. Eventually, subject account amassed an alleged past due balance of roughly $385.

10. At some point in time, Defendant acquired subject account in its office for the purpose of collection.

11. On December 13, 2021, Defendant mailed a collection letter addressed to Plaintiff's significant other, Jason Koch, as an attempt to collect on subject account. ("Defendant's Letter").

12. In addition, Plaintiff also received an identical letter from Defendant addressed to herself on December 13, 2021.

13. Plaintiff could not understand why Defendant would disclose her debt with a third party without her permission.

14. Plaintiff never consented to having her personal and confidential information, concerning the subject account or otherwise be shared with anyone else.

15. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

16. The sending of Defendant's Letter containing information about Plaintiff's subject account to Jason Koch is therefore a communication.

17. Defendant disclosed to Jason Koch:

    a. Plaintiff's status as a debtor;

    b. the subject debt amount;

    c. other highly personal pieces of information.

18. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a Arbitrator of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Emphasis added).

19. Defendant's Letter address to Jason Koch does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

20. Due to Defendant's communication with an authorized third party, information about Plaintiff, were all within the possession of an unauthorized third-party.

21. Defendant unlawfully communicates with the unauthorized third-party, Jason Koch, solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

22. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

23. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

24. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §§1692b(2), c(b) and f through its unlawful debt collection practices.

**a. Violations of FDCPA §1692b**

34. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

35. Defendant violated §1692b(2) when it mailed a collection notice to Jason Koch on

36. December 13, 2021 disclosing the Plaintiff's subject account and her status as a debtor.

**b. Violations of FDCPA § 1692c**

37. Defendant violated §1692c(b) when it disclosed private information about

5

38. Plaintiff's subject debt to Jason Koch, an unauthorized third-party, in connection with the collection of the subject account.

### c. Violations of FDCPA § 1692f

39. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of the subject debt by knowingly disclosing personal and confidential information about Plaintiff, to unauthorized third-party not expressly authorized under the FDCPA.

40. Defendant's conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

41. Defendant intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

42. By its conduct, Defendant is liable under the FDCPA for statutory damages up to $1,000 and other compensation.

**WHEREFORE**, Plaintiff NICOLE L. BOETTGER respectfully requests that this Honorable Court:

a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A);
b. Enjoin Defendant from further communicating with Plaintiff.
c. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);
d. Reasonable costs & attorneys' fees under to U.S.C. §1692k(a)(3); and
e. Such other relief that this Court deems just and proper.

## COUNT II
### The Wisconsin Consumer Act (Wis. Stat. §427.103et seq.)

43. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

44. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of the subject debt from Plaintiff personally.

45. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h).

1. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting a third party without Plaintiff's permission.
2. It was unfair for Defendant to contact a third party and collect upon the alleged debt by disclosing sensitive information.
3. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.
4. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.
5. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.
6. Upon information and belief, Defendant regularly engage in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff, NICOLE BOETTGER, respectfully requests that this honorable court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);
d. Enjoining Defendant from further contacting Plaintiff; and

Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: March 4, 2022            Respectfully Submitted,

/s/ Victor T. Metroff

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com